UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
:
ANTHONY M. NAVARRO           :        3:15 CV 707 (AVC)
:
V.                           :
:
MURPHY, et al.               :
:        DATE:   NOVEMBER 13, 2015
--------------------------------------------------------- x

RULING ON PLAINTIFF'S MOTIONS (Dkts. ##27, 29)

Plaintiff Anthony M. Navarro has filed a letter/motion seeking the status of service on the defendants (Dkt. #27), and a Motion for Default Judgment (Dkt. #29).

In the letter/motion, plaintiff inquires whether defendants have been served. (Dkt. #27, at 2). There are fifteen remaining defendants in this case (five defendants already have been dismissed). All defendants except Drs. O'Halloran and Pillai have returned signed waivers of service of summons during July or August. (Dkts. ##9, 11-12, 15-16, 19 -25). On July 27, 2015, Assistant Attorney General Edward Wilson, Jr. entered a general appearance for all defendants. (Dkt. #17). As defendants have answered the amended complaint and did not include insufficiency of service of process as a defense (Dkt. #28), they have waived any challenge to service in this case. See FED. R. CIV. P. 12(h)(1)(B)(ii) (defenses listed in Rule 12(b)(1) - (5) are waived if not included in a responsive pleading; insufficiency of service of process is defense 12(b)(5)).

Plaintiff also has filed a Motion for Default Judgment for defendants' failure to plead. (Dkt. #29). Federal Rule of Civil Procedure 55 provides a two-step process to obtain a default judgment. The first step is to seek entry of default under Rule 55(a). Once a default has entered, plaintiff may move for default judgment under Rule 55(b). See New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005). Default has not entered in this case. Thus, the Motion for Default Judgment is denied as premature.

Even if the motion were timely, it would be denied.  Although the defendants did not serve their answer within the time specified in the Initial Review Order or seek an extension of the deadline and thus could be adjudged in default for failure to timely plead, they have filed their answer.  A default judgment is "the most severe sanction which the court may apply." Id. (citation & internal quotations omitted).  Therefore, the Second Circuit has expressed its "strong preference" that cases be decided on the merits, id. (citation & internal quotations omitted), see also, e.g., Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993), and recommends that default be used "only in extreme situations." Jackson v. City of New York, 22 F.3d 71, 75 (2d Cir. 1994)(citations & internal quotations omitted).

In this case, the answers were due in late August or early September, depending on the date the waiver forms were mailed to the various defendants.  Defendants filed their answer on November 2, 2015.  A two-month delay in filing an answer is not an extreme situation.  Thus, the Motion for Default Judgment would be denied if considered on the merits.

Accordingly, plaintiff's letter/motion (Dkt. #27) is **granted** to the extent that the plaintiff has been informed of the status of service in this case, and plaintiff's Motion for Default Judgment (Dkt. #29) is **denied.**

SO ORDERED.

Dated at New Haven, Connecticut, this 13th day of November, 2015.

/s/Joan G. Margolis_____    
Joan G. Margolis  
United States Magistrate Judge