UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------x
:
ANTHONY M. NAVARRO            :     3:15 CV 707 (AVC)
:
V.                            :
:
MURPHY ET AL.                 :
:     DATE:  APRIL 26, 2016
------------------------------------------------------ x

RULING ON PLAINTIFF'S MOTION TO COMPEL

Plaintiff, Anthony M. Navarro, commenced this action on May 12, 2015 (Dkt. #1), which complaint was superseded by an amended complaint filed on June 29, 2015, in which plaintiff asserts claims arising out of his medical care while confined at MacDougall-Walker Correctional Institution. (Dkt. #10; see also Dkt. #7). On November 2, 2015, defendants filed their answer and affirmative defenses. (Dkt. #28).

On June 11, 2015, this case was referred from Senior United States District Judge Alfred V. Covello to this Magistrate Judge for discovery. (6/11/2015 Referral Entry; see Dkt. #30). On March 22, 2016, plaintiff filed the pending Motion to Compel (Dkt. #39),[1] and on April 12, 2016, defendants filed their brief in opposition. (Dkt. #43).

In the pending motion, plaintiff requests responses to discovery requests and narrows certain requests. (Dkt. #39, at 2-3). Motions to compel are governed by Rule 37 of the Federal Rules of Civil Procedure and District of Connecticut Local Rule 37. Both the federal and local rules require that before filing a motion to compel, the moving party must confer with opposing counsel in a good faith effort to resolve the dispute. The purpose of this rule is to encourage the parties to resolve discovery disputes without court intervention. See Doe

---

[1]Attached to plaintiff's motion is a copy of Plaintiff's Request for Discovery/Production, dated November 26, 2015 (Exh. 1), and a copy of Order Returning Submission, dated December 28, 2015 (Exh. 2).

v. Mastoloni, 307 F.R.D. 305, 313 (D. Conn. 2015). If discussions are not successful, the local rule requires the party moving to compel to submit an affidavit certifying the attempted resolution and specifying which issues were resolved and which remain. D. CONN. L. CIV. R. 37(a).

In this case, plaintiff has not submitted the required affidavit. Although he includes a statement in his motion that he made a good faith effort to confer with defendants' counsel, this statement does not indicate what issues were resolved and which remain. The local rule requires that the parties "discuss discovery disputes in detail and in good faith." Id.

Further, contrary to plaintiff's representation, defense counsel states that plaintiff has made no attempt to confer after the discovery responses were served. (Dkt. #43, at 1). Counsel's representation is supported by the plaintiff's attempts to narrow some of his requests in the motion to compel. (See Dkt. #39). The revision of discovery requests is a matter that should have been discussed by plaintiff and defense counsel prior to the filing of a motion to compel. Defense counsel represents that he has requested a "meet and confer" call with plaintiff to discuss the issues in his motion to compel. (Dkt. #43, at 2). Until that discussion occurs, and defendants have responded to plaintiff's efforts at resolution, court involvement is premature.

Accordingly, plaintiff's Motion to Compel (Dkt. #39) is denied for failure to comply with court rules, without prejudice to renewal, if appropriate.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of

the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

Dated at New Haven, Connecticut, this 26th day of April, 2016.

/s/Joan G. Margolis, USMJ_____
Joan G. Margolis
United States Magistrate Judge